# HENNESSEY and ROOD v PELLECCHIA

## Case No. 88-2579

Thirteenth Judicial Circuit, Hillsborough County

January 30, 1989

## APPEARANCES OF COUNSEL

**Michael V. Giordano,** for appellants.

**Thomas H. Duke,** for appellee.

## OPINION OF THE COURT

VERNON W. EVANS, JR., Circuit Judge.

### *MANDATE*

To the Honorable Judges of the County Court, Civil Division in and for Hillsborough County, State of Florida, Greetings!

WHEREAS, lately in the County Court, Civil Division, in and for

Hillsborough County, State of Florida, the Judgment of said County Court, Civil Division, in and for Hillsborough County, Florida, was rendered on December 4, 1987 as may be found by the inspection of the record, which was brought into this Honorable Court by virtue of an Appeal from the Judgment of the County Court, Civil Division, in and for Hillsborough County, Florida, agreeable to the laws of said State in such cases made and provided, fully and at large appears:

WHEREAS, after it was considered, adjudged, and ordered by the Circuit Court, Civil Division, in and for Hillsborough County, Florida, on January 30, 1989, that the Judgment of the County Court, Civil Division, be and the same is hereby reversed on Count I and Affirmed Counts II, III and IV. A copy of the Opinion and Order Denying Motion For Reconsideration is attached and made a part hereof.

YOU ARE HEREBY COMMANDED that further proceedings be had in accordance with said Opinion, the rules of this Court and the laws of the State of Florida.

WITNESS the Honorable VERNON W. EVANS, JR., Judge of the Circuit Court, and the seal of said Court this the 23rd day of March, 1989. A.D.

Appellant entered into a written real estate contract with appellee to sell improved real estate for $315,000.00, with an earnest money deposit of $3,000.00 attendant to the transaction. The sale was not consummated and the parties, as might be expected, disagreed as to which of them was entitled to the $3,000.00.

Appellee filed a four-count complaint. Count I presented a cause of action based upon an oral agreement. The lower court took testimony from all on the alleged oral agreement and then decided in favor of appellee under Count I on a finding that a condition precedent in the written contract had not been fulfilled — namely, appellee's failure to assume an existing mortgage on the property. The court concluded that this excused the appellee from performance and that he was entitled to a return of the earnest money deposit.

Final Judgment for the appellee was then rendered specifically under Count I of the complaint. Judgment was entered in favor of appellant, Hennessey, on Count II and in favor of appellant, Rood, on Counts III and IV of the complaint.

Appellant argues that the Judgment on Count I cannot stand because the lower court improperly decided the case on an issue not presented by the pleadings. It is clear from a review of Count I that the gravamen of the action was an alleged oral agreement believed to

109

have created conditions precedent, failure of which entitled appellee to return of the earnest money deposit.

In deciding the case the lower court rejected the oral agreement contentions and decided the case on the terms of the written contract itself, which cause of action was never before the court. This is not permissible. There would be little point in presenting pleadings if the court could decide a case of any theory it found appealing. Appellee's reliance on FCP Rule 1.190(b) is misplaced in this case.

The judgment under Count I is reversed and set aside and the case is remanded to the lower court for further proceedings consistent with this opinion. There is no cross-appeal with reference to the Final Judgment in favor of appellants, defendants below, as to Counts II, III and IV and hence the Judgment in that respect stands.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE is before the court on Appellee's Motion for Reconsideration of this court's opinion of January 30, 1989, and the court having considered said motion and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that Appellee's Motion for Reconsideration be and the same is hereby denied.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, this 20th day of FEBRUARY, 1989.